151 F.3d 1034
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
William G. GEORGES, Defendant-Appellant.
 No. 97-3502.
 United States Court of Appeals, Seventh Circuit.
 Submitted June 9, 1998.*
Decided June 22, 1998.
 
 Appeal from the United States District Court for the Northern District of Illinois, Eastern Division, No. 96 CR 483. David H. Coar, Judge.
 Before Hon. RICHARD A. POSNER, Chief Judge, Hon. RICHARD D. CUDAHY, and Hon. JESSE E. ESCHBACH, Circuit Judges.
 
 ORDER
 
 1
 After a bench trial, William Georges was found guilty of uttering counterfeit obligations, in violation of 18 U.S.C. § 472, and sentenced to a term of 27 months' imprisonment. On appeal, Georges challenges a sentencing enhancement for manufacturing counterfeit money under U.S.S.G. § 2B5.1(b)(2). He contends that the district court improperly considered prior uncharged and unrelated conduct; namely, that in July of 1995 Georges possessed counterfeit manufacturing equipment. Georges argues that, absent the improperly considered conduct, the district court had no evidence to support the § 2B5.1(b)(2) enhancement. Because the district court did not clearly err in concluding that Georges' earlier possession of counterfeit manufacturing equipment was relevant to his offense of conviction, we affirm.
 
 
 2
 In July of 1995, Georges participated in a bar-room skirmish that the police were called to break-up. Georges consented to a search of his briefcase, which revealed a stack of partially completed counterfeit money and materials used to manufacture counterfeit money. The police arrested Georges and referred the case to the Secret Service. Georges gave a statement to a federal agent admitting that the briefcase belonged to him and that he had been manufacturing and using counterfeit currency for approximately one year. Georges explained the manufacturing process to the agent, and told him how he used the items in the briefcase to manufacture money. The July 1995 events occurred in St. Louis, Missouri.
 
 
 3
 On August 6, 1996, Georges was arrested in Chicago after making various purchases with counterfeit currency. Prior to his arrest, Georges had passed a counterfeit $50 bill and a counterfeit $100 bill. He also had $820 in counterfeit currency in his pocket when he was arrested. Georges was charged with passing counterfeit money in violation of 18 U.S.C. § 472. Georges was convicted after a bench trial, and the district court ordered a presentence investigation report (PSI).
 
 
 4
 According to the PSI, Georges' base offense level was 9. U.S.S.G. § 2B5.1(b)(1). The PSI recommended enhancing the base offense level to 15 pursuant to § 2B5.1(b)(2) because, in St. Louis, Georges not only possessed counterfeiting materials but also admitted to manufacturing counterfeit currency. Georges objected to the manufacturing enhancement on the ground that his St. Louis activities were not relevant to his Chicago conduct and therefore could not be considered by the court to impose the enhancement.
 
 
 5
 The district court rejected Georges' objection. The court concluded the Georges' St. Louis activities were relevant to his offense of conviction (passing counterfeit currency in Chicago) because they were similar and occurred close in time. Moreover, the court found that the counterfeit money Georges used in Chicago was manufactured through a process similar to that described by Georges in St. Louis, and that Georges had no verifiable means of income during the intervening 13 months. Accordingly, the court concluded that the St. Louis conduct was relevant to the offense of conviction and could be considered in imposing the manufacturing enhancement.
 
 
 6
 The Sentencing Guidelines define relevant conduct as "all acts and omissions ... that were part of the same course of conduct or common scheme or plan as the offense of conviction." U.S.S.G. § 1B1.3(a)(2). In determining whether uncharged acts constitute relevant conduct, a district court must consider "the similarity, regularity and temporal proximity of the uncharged acts" to the offense of conviction. United States v. Mankiewicz, 122 F.3d 399,403 (7th Cir.1997). A district court's determination that prior uncharged acts are relevant is a finding of fact we review for clear error. United States v. Garcia, 69 F.3d 810, 819 (7th Cir.1995).
 
 
 7
 The district court did not clearly err in determining that Georges' St. Louis activities were relevant to his use of counterfeit money in Chicago. That Georges lacked any source of legitimate income between July of 1995 and August of 1996 alone supports the district court's conclusion that both offenses were part of the same course of conduct; it is eminently reasonable to infer that Georges survived during that time at least in part on counterfeit money that, in 1995, he admitted manufacturing. Nevertheless, the district court also relied on the similarity of the St. Louis counterfeit money to the Chicago counterfeit money, Georges' St. Louis admission that manufacturing counterfeit money was his livelihood,[1] and the relatively short period of time between the two events.
 
 
 8
 Georges attempts to distinguish between the act of manufacturing counterfeit money in St. Louis and the act of passing counterfeit money in Chicago, arguing that there is no evidence that he passed counterfeit money in St. Louis or manufactured money thirteen months later in Chicago. First, Georges' assertions are wrong. A federal agent testified that Georges, after his St. Louis arrest, admitted uttering counterfeit currency in St. Louis. Another agent testified that the Chicago money was manufactured by a process similar to that which produced the St. Louis money, suggesting that the same person--Georges--manufactured the counterfeit money passed in Chicago. This evidence is sufficient to support the district court's conclusion that the two activities were part of the same course of conduct. In any event, Georges' distinction is inconsequential. Manufacturing and uttering counterfeit currency are part and parcel of the same process--particularly here where Georges manufactured the money first.
 
 
 9
 For these reasons, the district court's judgment is AFFIRMED.
 
 
 
 *
 On May 8, 1998, we granted Georges' motion to waive oral argument. Consequently, the appeal is submitted on the briefs and record. See Fed.R.App.P. 34(a); Cir.R. 34(f)
 
 
 [1]
 In district court, Georges challenged the veracity of his St. Louis admission, but does not renew this challenge on appeal. Therefore, we accept the district court's conclusion that he made the admission and that the admission was true